# Richmond

### Guy Diggs v. Commonwealth of Virginia.

January 18, 1943.

Record No. 2653.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*William Davis Butts*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *Carrington Thompson, Special Assistant,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Guy Diggs, the plaintiff in error, was found guilty of desertion and non-support of his wife and infant child. He was fined $500, but, in lieu thereof, he was directed to pay $500 in weekly installments of $12 each to his wife and infant child. He challenges the judgment of the court by this proceeding.

In the circuit court the plaintiff in error moved to dismiss the warrant on the ground that under the direction of Code, section 1937 (Michie), the proceeding must be instituted by the wife or child filing a petition verified by oath. Here the proceeding was begun by the issuance and execution of a warrant of arrest by a justice of the peace. The circuit court overruled the motion and tried the plaintiff in error over his proper and timely objection and exception. In doing so, we think the court committed reversible error.

Here we have no question of the inherent equity jurisdiction of an equity court to entertain a wife's bill of complaint against a husband for support as was the case in *Heflin* v. *Heflin,* 177 Va. 385, 14 S. E. (2d) 317. There this court decided that an equity court possessed such jurisdiction, but here we have only the stated procedural question to decide: May a wife proceed against her husband by a criminal warrant of arrest for support? Code, section 1937, prohibits the issuance of such a warrant and directs the procedure to be by a petition verified by oath.

The pertinent Code sections are 1936 and 1937 (Michie) as amended by the Acts of 1918, page 759, Acts of 1922, page 842, and Acts of 1938, page 267. Section 1936 of the Code provides that any husband who shall, without just cause, desert his wife or male child or children under 16 years, or female child or children under 17 years of age, who may be in necessitous circumstances, shall be guilty of a misdemeanor.

Section 1937 outlines the procedure. It provides that a petition, verified by oath, shall be filed by the wife or child against the husband and that "no warrant of arrest shall issue against any person coming within the terms of this act, but all proceedings shall be instituted upon petition as aforesaid. Provided, however, that upon affidavit of the wife or other person that there is a reasonable cause to believe that the husband or father is about to leave the jurisdiction of the court with intent to desert said wife, child or children, any justice of the peace * * * may issue his warrant for such person * * * ."

The plaintiff in error was not about to leave the jurisdiction of the court, therefore, the proviso of the act had no application to him.

The warrant of arrest issued in this case was void. The necessary petition verified by oath was not filed. In these respects, section 1937 was violated. These violations are not only shown by the record but are conceded by the Attorney General.

The Attorney General contends that the void warrant satisfies the requirement of the statute, but here there was not only the void warrant but the plaintiff in error was arrested upon it and in order to obtain his freedom was required to post bond with surety. The statute does not contemplate any such procedure. In fact no language in the statute would justify even an implication that this legally could be done.

The procedure here from its inception was illegal. The trial in the circuit court was illegal and its judgment is void. The judgment is reversed and the warrant is dismissed.

*Reversed and dismissed.*