# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth of Virginia

    v.

Dennis Ray Sweat

October 15, 1996

Case No. CR96-277

By JUDGE WILLIAM H. LEDBETTER, JR.

The defendant in this criminal nonsupport appeal has raised jurisdictional issues that must be resolved before a jury is impaneled to hear and determine the merits of the case.

### Facts

The facts recited in this opinion come from the evidence adduced on October 3, 1996, concessions of counsel made solely for the purpose of enabling the court to adjudicate the jurisdictional issue, and from the pleadings.

The defendant, Dennis Ray Sweat, married Carol Holmes Sweat (now Covington) in 1981. Two children, Amber and Christine, were born of the relationship. The family lived in Oklahoma.

The Sweats were divorced in Oklahoma on November 1, 1983. Custody of the children was awarded to the mother. The defendant was ordered to pay $200.00 a month child support.

A few weeks after the divorce, Mrs. Sweat, a native of Virginia, moved to Virginia with the children. The children have resided in Virginia ever since (except, perhaps, for a brief time when they attended school in Pennsylvania). They have been residents of Spotsylvania County since 1995.

The Commonwealth alleges that since 1983, the defendant has paid only $200.00 toward the support of his children. His arrearage supposedly exceeds $30,000.00. For a while in 1995, the children received ADC payments through the Department of Social Services. The children are still dependent minors.

The defendant is a resident of Oklahoma. He has never lived in Virginia and has no contact with this state except that his children and former wife live here.

In early 1996, the Division of Child Support Enforcement initiated a civil action under the Uniform Interstate Family Support Act (Virginia Code § 29-88.32 *et seq.*, successor legislation to URESA and RURESA). Not satisfied with the progress being made on that matter by Oklahoma, the responding state, DCSE pursued this criminal proceeding under Virginia Code § 20-61. On March 28, 1996, a magistrate issued a criminal (misdemeanor) warrant for Sweat's arrest. Sweat was arrested in Oklahoma. After he waived extradition on May 3, 1996, he was brought to Virginia. He was arraigned in the Juvenile Court on May 15, 1996; an attorney was appointed to represent him; and he was ordered held without bond.

The case was called for trial in Juvenile Court on June 5, 1996. Sweat asserted that the court did not have jurisdiction to try him because, in essence, he could not be prosecuted in a Virginia tribunal for failing to support his children under § 20-61 *et seq.*

At the request of the Commonwealth's Attorney, the case was continued to June 12, 1996.

Meanwhile, the Commonwealth's Attorney determined that the arrest warrant contravened § 20-64 and § 20-70 and, as a consequence, might be void under *Diggs v. Commonwealth*, 181 Va. 49 (1943). To cure the problem, the Commonwealth's Attorney caused a new warrant to be issued by the Juvenile Court (instead of a magistrate) consistent with the procedure prescribed by statute. Sweat was served with the new warrant on June 12, 1996.

When trial commenced on June 12th, the Commonwealth moved to nol pros the original warrant and proceed on the new warrant. The court granted the motion. The defendant again raised the jurisdictional issue. The court determined that it had jurisdiction, found Sweat guilty of criminal nonsupport, and sentenced him to twelve months in jail and a $50.00 fine, all suspended on certain conditions specified in the order. Sweat appealed.

In this court, trial was set for October 3, 1996, with a jury.

On September 17, 1996, the clerk of this court received a request from defense counsel to summon the Commonwealth's Attorney as a witness at the trial. On September 23, 1996, the clerk received a similar request to summon

an Assistant Commonwealth's Attorney. Thereupon, the Commonwealth moved to quash the subpoenas. A hearing was held on September 26, 1996. Without ruling on the motion to quash, the court determined, with concurrence of counsel, that the court would hear evidence, stipulations, and arguments on the jurisdictional issues without a jury on October 3, 1996, and if the court ruled in favor of the Commonwealth, the case would be continued to another day, at which time a jury would be impaneled to try the case on its merits.

The court heard evidence and arguments relating to the jurisdictional issues on October 3, 1996, and took the case under advisement. This opinion sets forth the court's rulings on those issues.

### *Decision*

The first matter raised by Sweat concerns the manner by which he was brought to Virginia to stand trial. He argues that the court has no personal jurisdiction over him because he was brought within the borders of the State on an illegal warrant. The Commonwealth concedes that the original warrant, issue by a magistrate, violated § 20-70. Process should have issued through the juvenile court on a petition, as provided in § 20-64. Nonetheless, the Commonwealth contends, the matter was remedied when a new warrant was issued and served, and the original warrant was nol-prossed, on June 12th. Further, the Commonwealth argues, jurisdiction is not affected by the manner in which the defendant's presence is obtained.

Sweat seems to have abandoned his position on this point. On October 3rd, his counsel admitted that case law supports the Commonwealth's argument.

Whether or not he has abandoned the point, the court agrees with the Commonwealth that Sweat cannot successfully attack the jurisdiction of Virginia courts on the ground that his presence here was obtained under an improperly-issued arrest warrant. See 11B M.J., *Jurisdiction*, § 18. This is especially true where, as here, the "charging paper," i.e., the warrant, was reissued in proper fashion and served on the defendant.

Next, the defendant argues that jeopardy attached on June 5th when trial began in juvenile court on the original warrant; hence, he reasons, he could not be tried on the replacement warrant on June 12th.

This is the issue that gave rise to defense counsel's witness subpoenas to the Commonwealth's Attorney and his assistant. In essence, he wanted to elicit from them at trial testimony regarding the circumstances of Sweat's presence before the court, the timeliness of the replacement warrant, and the status of the proceedings on June 5th at the point when the juvenile court continued the case to June 12th.

Surely, this matter is not proper for jury determination. For that reason, the court afforded the defendant the opportunity on October 3rd to present any evidence he wished, including the testimony of the Commonwealth's Attorney and his assistant, to enable the court to determine the issue. When defense counsel complained that such a procedure would "shift the burden of proof" to the defendant, the court instructed the Commonwealth to present its evidence first and assured counsel that the burden of proof was not being shifted or altered in any respect. (In fact, because this point is, at bottom, a double jeopardy claim, not a jurisdictional issue that constitutes an element of the Commonwealth's case, it would appear that the defendant *does* have the burden of proving at least that there was a former proceeding and that the crimes charged are identical. Once the defendant makes a non-frivolous proof of those facts, the burden is on the government to prove the existence of two separate crimes or otherwise prove that jeopardy did not attach in the first proceeding. See 2C M.J., *Autrefois Acquit and Convict*, § 26). The court heard evidence, stipulations, and arguments about what transpired in juvenile court on June 5th and 12th.

From the evidence and stipulations, it is clear that jeopardy did not attach on June 5th. That court heard no evidence on that day. Even if certain facts were stipulated by counsel, those stipulations only related to the preliminary issue of jurisdiction raised by the defendant. When the court continued the case until June 12th, it did so in order to give the Commonwealth's Attorney time to research the jurisdictional issue raised by the defendant for the first time that morning. Thus, it is apparent that the juvenile court did not even decide on June 5th whether it had jurisdiction to try the case.

Even without the testimony adduced on October 3rd, this court is convinced from the record itself that the juvenile court did not begin the trial on June 5th. Although the juvenile court is not a court of record, the judge of that court maintained copious notes during those proceedings. Her notes indicate that on June 5th certain jurisdictional facts were recited to her, defense counsel claimed that Virginia had no jurisdiction to prosecute Sweat, and the case was continued "to give [the assistant Commonwealth's Attorney] time to research it." In contrast, her notes of June 12th summarize the evidence, including testimony of witnesses, presented during the trial of the case on that day.

It follows that when the Commonwealth nol-prossed the original warrant and replaced it with a properly-issued warrant on June 12th, jeopardy had not attached. Therefore, the principles pertaining to termination of a prosecution after trial has begun do not apply here. The trial actually began (and concluded) on June 12th. By that time, the Commonwealth had cured the defect in the original warrant by nol-prossing it and replacing it with a

properly-issued warrant. These facts have been established by the Commonwealth beyond a reasonable doubt.

Finally, the court notes that pleas of former jeopardy must be made in Virginia by written plea, not a motion to dismiss, as provided by the Rules of Court. See *Reaves v. Commonwealth*, 192 Va. 443 (1951); Rule 3A:9. No pleas or motions have been filed in this case, either in the juvenile court or in this court.

Finally, the defendant argues that the Commonwealth has no authority to prosecute him in Virginia tribunals for criminal nonsupport. He describes this as an issue of "territorial jurisdiction"; stating the proposition somewhat differently, he says that the tribunals of this State cannot try him because no crime was committed within the venue, or territorial jurisdiction, of the court.

Section 20-61 makes it a crime for any parent to willfully neglect or refuse or fail to support his minor child, such child being in necessitous circumstances. Under § 20-83, the offense is prosecuted in the county or city in which such child may be or remain, with the knowledge and acquiescence of the accused, in destitute or necessitous circumstances.

It is the opinion of the court that the crime of nonsupport is committed where the duty of support is owed, and the duty of support is owed, if it is owed at all, where the children are located, not where the obligor is located. Thus, if a crime has been committed in this case, it has been committed in Virginia where the children are alleged to reside "in necessitous circumstances." Likewise, the duty is not owed, and consequently, the crime of nonsupport is not committed, in the place where the original support order was entered. In fact, an extant support order is not a prerequisite, or element, of the crime of nonsupport. Granted, if a support order exists (as it does here), the court that made the award can enforce its order by contempt or other means, but it does not follow that the crime of nonsupport described in § 20-61 occurred there.

Virginia's criminal nonsupport statute is much older than the other legislation related to child support, including the relatively modern uniform acts. The newer statutes do not affect the availability or applicability of the criminal nonsupport statute and its relatives (e.g., § 20-64 *et seq.*). Virginia Code § 20-88.34.

Therefore, the court rejects the defendant's contention that the crime with which he is charged was not committed within the territorial reach of Virginia tribunals. Virginia has jurisdiction to prosecute, and Spotsylvania County is the proper venue.

This case is continued until October 21, 1996, at 10:00 a.m., at which time a date will be set to impanel a jury and proceed with the trial of the case.